# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

———————————————————————————

ROBERT ERIC ANTHON,

        Plaintiff,

v.                                          Case No. 09-CV-973

KERRY BAKER, JOE CROISSERT,
ERIC K. SHINSEKI, and
DEPARTMENT OF VETERANS AFFAIRS,
Office of Inspector General

        Defendants.

———————————————————————————

## ORDER

On October 13, 2009, plaintiff Robert Eric Anthon ("Anthon") filed a pro se Complaint against defendants. (Docket #1). Plaintiff then filed a Motion for Leave to Proceed in forma pauperis. (Docket #2).

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). To authorize a litigant to proceed in forma pauperis ("IFP"), the court must first determine that the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2).

Based upon plaintiff's IFP form – an affidavit in which he declares his assets and income under penalty of perjury – the court determines the plaintiff is unable to

pay the costs of commencing this action. In plaintiff's IFP form, he states that he has not been employed since January of 2002, he has very little savings, and his expenses outstrip his sole source of monthly income (disability benefits, which it would seem have recently been discontinued). Accordingly, it appears that Anthon is unable to pay the costs of commencing this action. However, the court finds that the action fails to state a claim.

Anthon names four defendants: Kerry Baker ("Baker"), Joe Croissert ("Croissert"), Eric Shinseki (the Secretary of Veterans Affairs), and the Department of Veterans Affairs ("VA"), Office of the Inspector General. Though Anthon's complaint does not state as much, the court notes that Secretary Shinseki is being sued in his official capacity. *See Atkinson v. O'Neil*, 867 F .2d 589, 590 (10th Cir.1989) ("When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States."). As for Baker and Croissert, they are Special Agents for the VA Office of the Inspector General. As such, they may not be sued in their individual capacity. *Thomas v. Principi*, 394 F.3d 970, 975-76 (D.C. Cir. 2005). Thus, the court will refer to all defendants collectively as "the VA."

Anthon's complaint fails to state a claim against the VA because this court does not have subject matter jurisdiction over Anthon's claims. The factual basis for Anthon's complaint is murky at best, but what is clear is that Anthon is dissatisfied with the manner in which the VA has handled its investigation into whether Anthon's

disability benefits should be terminated. His complaint alleges that the manner in which the VA has implemented its rules and regulations has violated his right to due process. Unfortunately for Anthon, this is not a claim that can be heard in a district court.

There are three types of claims against the VA that typically implicate questions of subject matter jurisdiction: 1) facial constitutional challenges to the statute itself; 2) benefits claims; and 3) constitutional challenges to the VA's procedures or regulations. *Murrhee v. Principi*, 364 F. Supp. 2d 782, 787 (C.D. Ill. 2005). With the passage of the Veterans' Judicial Review Act ("VJRA") in 1988, Congress enacted 38 U.S.C. § 511(a),[1] which precludes district courts from hearing claims of the latter two variants. *Id.* at 787-89 (providing a detailed description and analysis of § 511(a), and its precursor, § 211(a), as well as of applicable Supreme Court and Seventh Circuit case law). This is not to say that a plaintiff seeking review of a VA benefits decision, or seeking to challenge the constitutionality of the VA's procedures, has no recourse; it is simply to say that such recourse is not available in a district court. Rather, "[c]laimants may first appeal to the Board of Veterans' Appeals (38 U.S.C. § 7104(a)), then to the Court of Appeals for Veterans' Claims

---

[1] 38 U.S.C. 501(a) states:

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

(38 U.S.C. § 7252(a)), to the Federal Circuit (38 U.S.C. § 7292(c)), and ultimately to the Supreme Court ([38 U.S.C. § 7292(c)])." *Murrhee*, 364 F. Supp. 2d at 788.

Because Anthon's complaint challenges the VA's conduct, and because the court does not have subject matter jurisdiction over such a claim, the court is obliged to find that plaintiff has not stated a claim for which relief may be granted. The court must, therefore, deny plaintiff's request to proceed in forma pauperis, and the court must dismiss this action pursuant to 28 U.S.C. 1915(e)(2).

Accordingly,

**IT IS ORDERED** that plaintiff's Motion for Leave to Proceed in forma pauperis (Docket #2) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** for failure to state a claim upon which relief may be granted.

The clerk of the court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 4th day of November, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge